# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES JAY HUBER,

        Petitioner,

    v.                      CASE NO.  11-3078-RDR

UNITED STATES OF
AMERICA,

        Respondent.

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has also filed a Motion to Proceed in forma pauperis, which the court has considered and grants.

Mr. Huber's allegations are as follows. He was convicted upon his plea of guilty in the United States District Court for the District of Colorado of federal crimes. His sentence in 2007 included a prison term of 480 months. Provisions in his plea agreement barred direct appeal. He applied to the sentencing court for relief under 28 U.S.C. § 2255, and his motion was denied. He appealed to the Tenth Circuit Court of Appeals, and was denied a Certificate of Appealability in 2009. His petition for writ of certiorari was denied in 2010.

Mr. Huber claims denial of due process in that the sentencing court, the Circuit Court, and the U.S. Supreme Court all allegedly "failed to address" his claim in his § 2255 motion that his entire prosecution was vindictive. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct

the sentence.

<u>Id</u>.  That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

<u>Id</u>.  A § 2241 petition has a distinct purpose from a § 2255 motion. The § 2241 petition attacks the execution of a sentence rather than the validity of the sentence or conviction.  A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), <u>cert</u>. <u>denied</u>, 377 U.S. 980 (1964).  After direct appeal, a § 2255 motion is the "exclusive remedy," for challenging a federal conviction unless there is a showing that the remedy is inadequate or ineffective.  <u>See</u> 28 U.S.C. § 2255; <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000).  The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178 (10th Cir. 1999).

Petitioner's allegations are nothing more than his disagreement with the denial of his § 2255 claim by the appropriate courts.  His disappointment or disagreement with the rulings of those courts does not establish that the § 2255 remedy was inadequate.  Even an erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective.  <u>See</u> <u>Sines v. Wilner</u>, 609 F.3d 1070, 1073 (10th Cir. 2010).  Nor does the fact that Mr. Huber's initial § 2255 motion was denied entitle him to additional review by a different federal district court under § 2241.  That Mr. Huber may be

precluded from filing another § 2255 motion also fails to establish that the remedy is ineffective.[1] Id.; see Bustillo v. Hood, 168 Fed.Appx. 255, 256 (10th Cir.), cert. denied, 547 U.S. 1159 (2006)((unpublished opinion not cited as binding precedent but for persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1)); Caravalho, 177 F.3d at 1178.

In sum, there simply is no jurisdiction in this court under § 2241 to hear petitioner's challenge to his conviction. Haugh, 210 F.3d at 1150. Petitioner is given time to show cause why this action should not be dismissed, without prejudice, because this court lacks jurisdiction to hear his challenges to his conviction and sentence, which may only be brought in the sentencing court under § 2255. If he fails to do so in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**DATED: This 15th day of June, 2011, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**

---

[1]    Because petitioner has already had an initial § 2255 motion denied, this court finds it would not be in the interest of justice to construe this action as a § 2255 motion and transfer it to the sentencing court. A second § 2255 motion would clearly be successive, and to file such a motion Mr. Huber must first obtain authorization from the Tenth Circuit Court of Appeals.